IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:20-CR-87-TAV-HBG |
| JELONN MARQUISE TATE, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on a Motion to Continue [Doc. 138] the trial and schedule, which was filed by Defendant Jelonn Marquise Tate on May 14, 2021. The motion states that counsel needs additional time to complete an investigation of the case, confer with Defendant, and prepare for trial. The motion relates that the Government is not opposed to a trial continuance. Codefendants Laura James [Doc. 141], Stephanie Adair [Doc. 142], Dustin Wyrick [Doc. 144], and John Mitchell [Doc. 146] have moved to adopt Defendant Tate's motion.[1]

The parties appeared for a pretrial conference and telephonic motion hearing on June 8, 2021. Assistant United States Attorney Tracy L. Stone appeared telephonically on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Scott L. Saidak on behalf of Defendant Eugene James Mitchell, III; Attorney Joshua D. Hedrick on behalf of Defendant John Belton Mitchell; Attorney Stephen G. McGrath on behalf of Defendant

---

[1] Codefendant Dillon Beeler also filed a motion to adopt Defendant Tate's motion [Doc. 140]. Defendant Beeler subsequently entered into a plea agreement and is no longer proceeding to trial. The Court finds that Defendant Beeler's motion [**Doc. 140**] is **DENIED as moot**.

Stephanie Rose Adair; and Attorney R. Deno Cole on behalf of Dustin Wren Wyrick. The Defendants were excused from this hearing.[2]

At the motion hearing, the Court observed that Defendant Tate is no longer proceeding to trial, but his motion to continue remains pending and is joined by Codefendants John Mitchell, James, Adair, and Wyrick. Mr. Saidak said that Defendant Eugene Mitchell takes no position on the motion. Mr. Hedrick said Defendant John Mitchell seeks a continuance of the trial and other deadlines for the reasons stated in Defendant Tate's motion. He said Defendant John Mitchell waives his speedy trial rights in relation to the motion. Mr. McGrath, Ms. Cravens, and Mr. Cole stated that that Defendants James, Adair, and Wyrick, respectively, join in the motion to continue and also waive their speedy trial rights.

AUSA Stone confirmed that the Government has no objection to a trial continuance. He also noted that one Defendant has yet to be arrested in this case and that the Government will seek to add a new codefendant Keith Pivonka, who is currently charged in a criminal complaint, to this case by a superseding indictment. AUSA Stone said the superseding indictment will not affect the charges for the other Defendants. The parties agreed on a new trial date of December 7, 2021.

The Court finds the motion to continue the trial and schedule is joined by Defendants John Mitchell, James, Adair, and Wyrick; is unopposed by the Government and Defendant Eugene Mitchell; and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants are charged in a Superseding Indictment [Doc. 57] with conspiring

---

[2] The Court notes that following the filing of the Motion to Continue [Doc. 138], Defendant Tate entered into a plea agreement and is no longer proceeding to trial. Defendant Tate and his counsel were excused from the hearing. The Motion to Continue remains pending, however, because it is joined by the Codefendants.

to distribute methamphetamine (Count One) from January 1, 2019, to October 6, 2020, and with thirteen other counts involving money laundering, drug distribution, and firearms. One codefendant has yet to enter the case and the Government anticipates seeking a second superseding indictment to add another defendant. Counsel for Defendants John Mitchell, James, Adair, and Wyrick need time to complete their investigation of the case, confer with their clients, and prepare for trial. These trial preparations cannot be concluded by the June 15 trial date or in less than six months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 138**] and the motions to join in that motion [**Docs. 141, 142, 144, & 146**] are **GRANTED**. The trial of this case is reset to **December 7, 2021**. The Court finds that all the time between the filing of the motion on May 14, 2021, and the new trial date of December 7, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

The Court **ORDERS** as follows:

(1) The Motion to Continue [**Doc. 138**] and the motions to join in this motion [**Docs. 141, 142, 144, & 146**] are **GRANTED**;

(2) Defendant Dillon Beeler's Motion to Adopt Motion to Continue Trial and All Other Deadlines [**Doc. 140**] is **DENIED as moot**, because Defendant Beeler is no longer proceeding to trial;

(3) The trial of this matter is reset to commence on **December 7, 2021**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, Chief United States District Judge;

3

(4) All time between the filing of the initial motion on **May 14, 2021,** and the new trial date of **December 7, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 8, 2021**;

(6) Motions *in limine* must be filed no later than **November 22, 2021**

(7) The parties are to appear before the undersigned for a final pretrial conference on **November 23, 2021, at 11:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 29, 2020**.

    **IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
H. Bruce Guyton
United States Magistrate Judge